IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOSHAWA WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | Case Nos.  1:07-cv-3290 |
| | ) | 1:10-cv-1669 |
| | ) | |
| v. | ) | |
| | ) | JUDGE BOYKO |
| LEE LUCAS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION TO SUPPLEMENT HIS MOTION
FOR RELIEF FROM SUMMARY JUDGMENT RULINGS**

Now comes Plaintiff, JOSHAWA WEBB, by and through his attorneys, LOEVY & LOEVY, and respectfully seeks to supplement his pending Motion for Relief from Summary Judgment Rulings (Dkt. # 197) ("Plaintiff's Motion").  In support of this Motion, Plaintiff states as follows:

This Court granted defendants summary judgment on the issue of qualified immunity, after allowing only limited discovery and relying on Defendants' assurances that they had tendered to plaintiff the relevant investigative files in their entirety.  While Defendants did provide Plaintiff with a significant quantity of materials prior to summary judgment, a significant quantity of materials was simultaneously withheld, documents that in fact defeat Defendants' qualified immunity position.  Pending before the Court is Plaintiff's Motion, which requests that summary judgment be reversed and that the pending motions filed by the various Defendants be denied (except as expressly conceded in Plaintiff's Motion).  As fully articulated in Plaintiff's Motion, the gap between what Defendants have repeatedly told the Court they were sharing, versus what they were actually tendering, is one that necessitates relief.

Plaintiff now brings this motion to supplement Plaintiff's Motion for Relief from Summary Judgment, in order to present additional evidence to the Court, evidence which Plaintiff was not able to glean through his own limited discovery and which bears directly on Plaintiff's claims against Defendants – claims which have been dismissed by the Court.

Specifically, in its March 28, 2013 Opinion and Order (Dkt. #190) (the "Order"), in granting Defendants' Motions, the Court stated that "Plaintiff has not demonstrated what information the prosecution relied on to indict Webb and fails to point to any such evidence in his opposition. In fact, the only evidence presented to this Court is Lucas's own grand jury testimony, which was discussed previously." Order at 29. As Plaintiff has never been given the opportunity to garner such evidence, Plaintiff understands the Court's finding (while not necessarily agreeing with it).[1] Now, by virtue of discovery undertaken by a different law firm in a related matter, Plaintiff is able to present evidence which the Court found lacking at the time it ruled on Defendants' Motions.

After briefing on Defendants' Motions had been completed, Blas Serrano (the Assistant United States Attorney who prosecuted Plaintiff and the other Operation Turnaround suspects) was deposed by a different law firm in a related matter (*France, et al. v. Lucas et al.*, Case No. 1:07 CV 3519). A copy of the deposition transcript is attached hereto as Exhibit 1. In his deposition, AUSA Serrano offered the following testimony:

> (1) AUSA Serrano conducted no independent investigation for the indictment, instead relying on what Defendant Lucas told him. (Exhibit 1, Serrano deposition at 69-71);

---

[1] The Court limited Plaintiff's discovery in this case to propounding 25 interrogatories to each of the Defendants, with such interrogatories being limited to the investigation of Plaintiff's case. Plaintiff was not permitted to take any depositions. Dkt. # 164.

(2) Defendant Lucas was the only officer from whom AUSA Serrano received information with which to prosecute the Operation Turnaround cases. (*Id.* at 73); and

(3) AUSA Serrano relied on the reports and information provided to him by Defendant Lucas (which reports included those prepared by other Defendants). (*Id.* at 70, 73).

AUSA Serrano's recent deposition testimony is direct evidence as to part of what the "prosecution relied on to indict Webb." As such, Plaintiff requests that the Court consider this additional evidence before ruling on Plaintiff's Motion.

When the Court previously accepted Defendants' summary judgment position that Plaintiff lacked documentary proof showing the requisite constitutional violations and bad faith, it did so on the basis of a woefully incomplete record. The additional evidence presented in this Motion – together with the voluminous evidence presented in Plaintiff's Motion - makes clear that summary judgment should be reversed and the pending motions filed by the various defendants should, except as expressly conceded in Plaintiff's Motion, be denied. Accordingly, Plaintiff respectfully requests that the Court grant this Motion to Supplement his Motion for Relief from Summary Judgment Rulings.

                    RESPECTFULLY SUBMITTED,

                    /s/ Joel H. Feldman
                    Attorney for Plaintiff

Jon Loevy
Debra Loevy-Reyes
Joel H. Feldman
LOEVY & LOEVY
312 North May, Suite 100
Chicago, IL 60607
(312) 243-5900

3

## CERTIFICATE OF SERVICE

  The undersigned attorney hereby certifies that on December 3, 2013, this Motion was served upon counsel of record in this matter via the ECF system.


                  /s/ Joel H. Feldman
                  Attorney for Plaintiff


Jon Loevy
Debra Loevy-Reyes
Joel H. Feldman
LOEVY & LOEVY
312 North May, Suite 100
Chicago, IL 60607
(312) 243-5900