UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JOSHAWA WEBB, ET AL.,** | ) | CASE NO. 1:10CV1669 |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant United States of America's Motion to Dismiss or Motion for Summary Judgment (ECF # 23). For the following reasons, the Court grants Defendant's Motion and dismisses Plaintiff's claims.

Plaintiff Joshawa Webb brings this action against the United States under the Federal Tort Claims Act, ("FTCA") alleging claims for false arrest, malicious prosecution, trespass and intentional infliction of emotional distress arising under Ohio law. These claims stem from an investigation of drug dealing in Mansfield, Ohio that resulted in numerous arrests, including Webb. Later, the confidential informant used by law enforcement in the Mansfield investigation claimed law enforcement framed the defendants. As a result, the United States dismissed the charges against defendants including Webb and Webb sued the individual law

enforcement officers in the case captioned *Price et al., v. Lee Lucas, et al.,* 1:07cv3290 and the United States in the above captioned case. In Webb's suit against the individual officers, the Court granted qualified immunity to the officers, finding probable cause existed to prosecute and arrest Webb.

The United States now moves for dismissal and for summary judgment, contending the Court's ruling in *Webb v. Lucas et al.,* 07-3290, which was consolidated with the above captioned case, determined the Defendant officers and federal agents had probable cause to prosecute and arrest Webb. Because probable cause is a defense to an FTCA claim for malicious prosecution and emotional distress brought under Ohio law, the Court's prior holding in the consolidated *Webb v. Lucas* case forecloses Plaintiff's remaining FTCA claims. Plaintiff asked for additional time to respond to Defendant's Motion and the Court granted the extension until June 7, 2013. On that date, Plaintiff filed a Motion for Relief from Summary Judgment instead of an opposition to Defendant's Motion, arguing that a ruling in his favor would negate all relief sought by Defendants, including the United States' Motion to Dismiss. Plaintiff then requested in his response, and not in a separately filed Motion, that the Court stay the pending dispositive motions while it determined whether to grant or deny Plaintiff's Motion for Relief. The Court will not stay the action because Plaintiff requested and received an extension to file a response and chose instead to file a Motion for Relief from Summary Judgment. Plaintiff has responded in the form of a Response filed June 8, 2014 that points to the Motion for Relief, and filed his lengthy Motion for Relief, wherein he asserts a number of arguments opposing judgment for Defendant. Furthermore, the Court's prior rulings mandate dismissal of the claims as discussed below.

As a preliminary note, as the Defendant points out, Plaintiff never filed an opposition

to Defendant's Motion and Defendant's Motion is unopposed.  However, the Court will consider the arguments raised by Defendant in light of Plaintiff's Response and Motion for Relief insofar as any are on point.

The FTCA prohibits suits against the United States for claims arising out of enumerated intentional torts, including malicious prosecution and abuse of process.  There is an exception for "acts or omissions of investigative or law enforcement officers of the United States Government ... empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law."  28 U.S.C. §2680(h).

To prevail on a claim for malicious prosecution under Ohio law a Plaintiff must demonstrate the following:  (1) malicious institution of prior proceedings against the plaintiff; (2) lack of probable cause for the filing of the prior lawsuit; (3) termination of the prior proceedings in plaintiff's favor; and (4) seizure of plaintiff's person or property during the course of the prior proceedings. *Fuller v. Cuyahoga Metropolitan Housing Authority*, 334 Fed.Appx. 732, 737, (6th Cir. 2009) citing *Robb v. Chagrin Lagoons Yacht Club, Inc.,* 75 Ohio St.3d 264 (1996).

To prevail on a claims for intentional infliction of emotional distress under Ohio law a plaintiff must demonstrate: "(1) that the actor either intended to cause emotional distress or knew or should have known that the actions taken would result in severe emotional distress; (2) that the actor's conduct was extreme and outrageous, that it went beyond all possible bounds of decency and that is can be considered as utterly intolerable in a civilized community; (3) that the actor's actions were the proximate cause of the plaintiff's psychic injury; and (4) that the mental anguish suffered by plaintiff is serious and of a nature that no reasonable person could be expected to endure. *Burr v. Burns* 439 F.Supp.2d 779, 791

(S.D.Ohio,2006).

"Under Ohio law, a cause of action for intentional infliction of emotional distress may lie only where defendant's conduct is 'extreme and outrageous' in that it goes 'beyond all possible bounds of decency,' is 'atrocious,' and is 'utterly intolerable in a civilized community'; conduct that is merely malicious, aggravated, or intentional or that entails an intent that is tortious or criminal is insufficient to render it actionable." *Abbot*, 348 F. 3d at 545 (citing *Yeager v. Local Union 20*, 6 Ohio St. 3d 369, 453 (1983)).

The Court holds Plaintiff cannot maintain his FTCA claims for the same reasons Webb could not maintain his §1983 claims.  The Court found Defendants' actions were reasonable since there was probable cause to prosecute and arrest Plaintiff.  Since probable cause is a defense to malicious prosecution under Ohio law, these claims fail as a matter of law.  See *Radvansky v. City of Olmsted Falls*, 377 F.3d 291, 315-16 (6th Cir. 2005).  Lastly, because the Court found the Defendants' actions reasonable on Price's §1983 claims, these same acts cannot be the basis for an intentional infliction of emotional distress.

To prevail on a claim for false arrest under Ohio law the plaintiff must demonstrate: "(1) the intentional detention of the person and (2) the unlawfulness of the detention." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 315 (6th Cir. 2005) quoting *Hodges v. Meijer, Inc.,* 129 Ohio App.3d 318, 717 N.E.2d 806, 809 (1998). "Thus, an arrest based on probable cause is a lawful detention and, thereby, serves to defeat a false arrest/imprisonment claim." *Radvansky* at 315.

Likewise, Plaintiff's trespass claim fails first because the First Amended Complaint fails to allege any facts to support such a claim.  Second, even if the Court were to assume the trespass was entering Webb's home to effect the arrest, the Court has previously determined

the officers had probable cause to arrest Plaintiff.  Therefore, they lawfully entered his home and therefore, no trespass occurred.

Finally, this Court has already determined that the nearly identical factual allegations in Webb's consolidated *Bivens* action against the individual federal agents failed to allege a conspiracy with the requisite specificity.  (See 07-3290, ECF # 190 at pg 37).  For the same reasons, Plaintiff's conspiracy claim fails against the United States.

Therefore, Defendant's unopposed Motion to Dismiss/ Motion for Summary Judgment is granted and the Court dismisses Plaintiff's FTCA claims in the above captioned case.

IT IS SO ORDERED.

                                                s/ Christopher A. Boyko
                                                CHRISTOPHER A. BOYKO
                                                United States District Judge

Dated:  March 18, 2014